# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| HANNAH MACKIE,   * | |
| * | No. 16-157V |
| Petitioner,   * | Special Master Christian J. Moran |
| * | |
| v.   * | Filed: November 15, 2016 |
| * | |
| SECRETARY OF HEALTH   * | Petitioner's motion for a decision |
| AND HUMAN SERVICES,   * | on the record; insufficient proof of |
| * | causation. |
| Respondent.   * | |

* * * * * * * * * * * * * * * * * * *

<u>Edward M. Kraus</u>, Law Offices of Chicago Kent, Chicago, IL, for petitioner; <u>Christine M. Becer</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION [1]

Hannah Mackie filed a petition under the National Childhood Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §§ 300aa-10 through 34 (2012), on February 2, 2016. Her petition alleged that she developed Hashimoto's thyroiditis and a connective tissue disease as a result of the vaccine administered to her on April 4, 2013. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Mackie gathered and filed medical records and affidavits submitting a statement of completion on March 4, 2016.  The Secretary filed her Report pursuant to Vaccine Rule 4 on May 5, 2016, stating that Ms. Mackie did not provide that any evidence that an onset of 6 months and/or 2 years post vaccination for Hashimoto's thyroiditis and a connective tissue disease was reasonable.  Respt's Rep. at 6.  During the ensuing status conference, the parties discussed retaining experts and the undersigned issued proposed expert instructions.

On August 1, 2016, Ms. Mackie moved for an extension of time until September 16, 2016, to file her expert report.  The undersigned granted this request.  Ms. Mackie moved for a second extension of time, until September 23, 2016, to file the expert report which the undersigned granted.  Ms. Mackie then requested a third extension of time, for 45 days, to file her expert report.  Ms. Mackie stated that expert originally retained had determined that he is unable to provide a report and that a new expert had been consulted and was able to opine on the case.  Pet'r's Mot. to Amend Schedule, filed Sept. 22, 2016.  This request was granted.

On November 7, 2016, Ms. Mackie moved for a decision to dismiss her petition.  During the November 15, 2016 status conference, petitioner clarified that a decision on the record as it stands is requested.  Accordingly, this case is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that Ms. Mackie suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Ms. Mackie suffered a "Table Injury."  Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records do not support Ms. Mackie's claim, a medical opinion must be offered in support.  Ms. Mackie, however, has offered no such opinion.

2

Accordingly, it is clear from the record in this case that Ms. Mackie has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master