# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| HANNAH MACKIE, | * | No. 16-157V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: January 12, 2017 |
| v. | * | |
| | * | Attorneys' fees and costs; award in |
| AND HUMAN SERVICES, | * | the amount to which respondent does |
| | * | not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On January 5, 2017, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner requests $16,879.90 in attorneys' fees and $2620.10 in attorneys' costs for a total of **$19,500.00**, an amount to which respondent does not object. The Court awards this amount.

\* \* \*

Hannah Mackie filed a petition for compensation alleging that the measles-mumps-rubella ("MMR") vaccine she received on April 4, 2013, caused her to develop Hashimoto's Thyroiditis and a connective tissue disease. Pet. at 1.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

However, on November 7, 2016, Ms. Mackie moved for a decision dismissing her petition stating that the expert retained was unable to opine on the case. On November 15, 2016, the undersigned issued a decision denying compensation to petitioner. <u>Decision</u>, issued Nov. 15, 2016, 2016 WL 7189926.

\* \* \*

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, an expert was consulted, and, ultimately, petitioner's counsel moved for a decision dismissing the petition when further investigation revealed that petitioner was unlikely to prove her case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of $19,500.00 in attorneys' fees and costs. In compliance with General Order No. 9, petitioner states that she advanced no monies for reimbursable costs in pursuit of her claim.

After reviewing the request, the Court awards the following:

**A lump sum of $19,500.00 in the form of a check made payable to petitioner and petitioner's attorney, Edward M. Kraus, of Law Offices of Chicago Kent, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.